IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLEE DIANE BERG,                    Case No. 6:11-cv-6137-AA

        Plaintiff,                    OPINION AND ORDER

        v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.
_____

Kathryn Tassanari
Drew L. Johnson
1700 Valley River Drive
Eugene, OR 97401
        Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Jeffrey R. McClain
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075
        Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner denying plaintiff's claim for Disability Insurance benefits (DIB) and Supplemental Security Income disability benefits (SSI). For the reasons set forth below, the case is remanded for further administrative proceedings.

## BACKGROUND

On January 2, 2008, plaintiff filed applications for DIB and SSI, and they were denied initially and on reconsideration. Tr. 96-105, 108-116, 169-80. After requesting a hearing, plaintiff, a lay witness and a vocational expert appeared and testified before an administrative law judge (ALJ) on November 18, 2009. Tr. 59-91. On November 23, 2009, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 40-58. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was forty-five years old at the time of the ALJ's decision, with a high-school education, four associate degrees and past relevant work as a receptionist, home attendant, personal care attendant, and janitor. Tr. 63-64, 86. Plaintiff alleges disability since January 31, 2006 due to fibromyalgia, migraines, diabetes, obesity, asthma, depression and anxiety, and carpal tunnel syndrome. Tr. 202.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

2    - OPINION AND ORDER

Cir. 1986). To meet this burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 45; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of fibromyalgia, migraines, diabetes, obesity, and allergies resulting in asthma, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 45, 48; Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

The ALJ next found that plaintiff retained the residual functional capacity (RFC) to perform sedentary work, in that she could lift and/or carry no more than ten pounds, sit for approximately six hours out of an eight hour workday, and stand and/or walk no more than two hours out of an eight hour workday. Tr. 49; 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ also found that plaintiff required a sit/stand option and could not work around fumes or smoke. Tr. 49.

At step four, relying on his RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff was able to

3   - OPINION AND ORDER

perform her past relevant work as a receptionist. Tr. 52; 20 C.F.R. §§ 404.1520(f), 416.920(f). Thus, the ALJ did not proceed to step five, where the burden shifts to the Commissioner to show that a claimant can perform other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## DISCUSSION

Plaintiff argues that the ALJ erred at step two of the sequential process in finding plaintiff's impairments of depression and carpal tunnel syndrome as "non-severe." Plaintiff further argues that the ALJ erred in finding plaintiff's subjective complaints not credible and in discrediting the opinions of Dr. Jacobson, a treating physician, and Dr. Cowan, an examining physician. Plaintiff argues that if such evidence is credited as true, she has established disability under the Act, or alternatively, that outstanding issues remain and require remand for further proceedings.

## A. Step Two Determination

At step two, the ALJ found that plaintiff's alleged impairment of depression was not severe because the record reflected only mild deficiencies, and that her carpal tunnel syndrome was not severe because it did not meet the 12-month duration requirement. I find that the ALJ erred in finding plaintiff's mental impairments non-severe, and that the ALJ must reconsider the duration of and any limitations from plaintiff's carpal tunnel syndrome.

At step two, the ALJ determines if the claimant has a "severe" impairment. A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); see also id. §§

4    - OPINION AND ORDER

404.1521, 416.921. Such an impairment must last, or be expected to
last, twelve months. Id. §§ 404.1509, 416.909.

A severe impairment cannot be established on the basis of
symptoms alone; it must be supported by a medical diagnosis. Ukolov
v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. §§
404.1508, 416.908. At the same time, "[a]n impairment or
combination of impairments can be found not severe only if the
evidence establishes a slight abnormality that has no more than a
minimal effect on an individual's ability to work." Smolen v.
Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation
marks and citations omitted). "Step two, then, is 'a de minimis
screening device [used] to dispose of groundless claims,' and an
ALJ may find that a claimant lacks a medically severe impairment or
combination of impairments only when his conclusion is 'clearly
established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683,
687 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290 and S.S.R.
85-28). If the medical evidence is ambiguous or inadequate, the ALJ
has a duty to develop the record. Mayes v. Massanari, 276 F.3d 453,
459-60 (9th Cir. 2001).

In this case, treatment notes of plaintiff's primary care
physician reflect that plaintiff reported symptoms of depression,
anxiety, and panic attacks, and she has been diagnosed with
depression. E.g., tr. 419, 423, 424, 440, 560, 567-68. However,
these treatment notes do not indicate the duration of these
symptoms or their effect on plaintiff's ability to work, and
plaintiff was not referred for psychiatric or psychological
treatment. Therefore, this evidence does not necessarily show a
medically severe impairment.

5   - OPINION AND ORDER

In January 2009, plaintiff was evaluated by Dr. Northway, an examining psychologist. Dr. Northway noted that plaintiff "does appear to be suffering from depression, anxiety, and chronic pain." Tr. 520. Though testing reflected normal limits in many areas, Dr. Northway found that plaintiff was moderately to severely impaired in areas of verbal memory tasks. Tr. 521. Dr. Northway found that plaintiff would have difficulty completing tasks as quickly as others and might also have difficulty learning new or complex verbal information. Tr. 521. Dr. Northway diagnosed a pain disorder, panic disorder, and dysthymic disorder (a depressive disorder). Tr. 521.

The ALJ gave Dr. Northway's conclusion little weight, instead relying on the opinion of a non-examining psychologist, Dr. Anderson, in finding plaintiff's depression non-severe. Tr. 47. Granted, "the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). However, as emphasized by plaintiff, Dr. Anderson provided her opinion prior to January 2009 and did not have the opportunity to consider Dr. Northway's report. Tr. 498.[1] Given that Dr. Northway indicated moderate to severe limitations in some areas and plaintiff's treating physician had diagnosed depression, plaintiff met the "de minimus" standard at step two. Thus, the ALJ erred in relying on the opinion of a non-examining psychologist in

[1] While a second nonexamining physician, Dr. Kennemer, noted Dr. Northway's report, the ALJ did not rely on the assessment of Dr. Kennemer. Tr. 47, 523. Regardless, the conclusion of Dr. Northway and diagnosis of plaintiff's treating physician establish the existence of a severe impairment at step two.

6   - OPINION AND ORDER

finding plaintiff's depression and/or dysthymic disorder non-severe.

An error at step two is nonetheless harmless if the ALJ considered the effects of impairments deemed non-severe in assessing a claimant's RFC. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); see also 20 C.F.R. §§ 404.1545(a)(2), 416.545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."). Here, however, the ALJ did not consider or discuss any limitations resulting from mental impairments. Rather, the ALJ merely noted the absence of mental health treatment records. Tr. 47. Thus, I cannot find that the error at step two was harmless. Instead, remand for further proceedings is required to consider the nature and extent of any limitations resulting from plaintiff's depression and/or dysthymic disorder.

With respect to plaintiff's carpal tunnel syndrome, the ALJ found it non-severe because it was diagnosed in April 2009 and did not meet the 12-month duration requirement. Tr. 46-47. An impairment is not severe unless it has lasted or is expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) ("If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909 . . ., we will find that you are not disabled."); id. §§ 404.1509, 416.909 (impairment "must have lasted or must be expected to last for a continuous period of at least 12 months").

7 - OPINION AND ORDER

Plaintiff contends that she was diagnosed with carpal tunnel syndrome in 2003 and 2004, and that a neurologist noted sensory symptoms that could be mild carpal tunnel syndrome in 2005. Tr. 274-75, 364, 373. The ALJ did not address the diagnoses in 2003 and 2004 or the neurological findings reported in 2005, and this evidence arguably supports a finding that the duration requirement was met. The ALJ cited no other basis in finding plaintiff's carpal tunnel syndrome as non-severe.

The Commissioner argues that any error was harmless, because even if the ALJ had found plaintiff's carpal tunnel syndrome to be severe, the ALJ considered the only medical report that imposed manipulative restrictions. While I agree that the ALJ provided legally sufficient reasons to reject the manipulative restrictions noted in an examining physician's report (as discussed below), I cannot find that the ALJ would have done so if he had considered plaintiff's carpal tunnel to be severe. Thus, remand is required to reconsider the duration of plaintiff's carpal tunnel in light of the medical evidence.

B. Plaintiff's Credibility

Plaintiff next contends that the ALJ erred by discrediting her testimony and subjective complaints regarding the severity of her pain and alleged disabilities.

At the administrative hearing, plaintiff testified that she was unable to work full-time due to her fibromyalgia, diabetes, migraine, and carpal tunnel syndrome. Tr. 65-68, 70, 75. Plaintiff testified that her fibromyalgia pain and migraines were unpredictable and would render her unable to do any activities for days at a time. Tr. 65-66. In response to questioning by the ALJ,

8    - OPINION AND ORDER

plaintiff further stated that she was unable to perform sedentary work because could not sit for long periods of time and had daily panic attacks. Tr. 77. The ALJ found that plaintiff's complaints were not entirely credible in light of the medical evidence, her daily activities, and inconsistent statements.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the alleged symptoms, "the ALJ can reject the claimant's testimony about the severity of [the] symptoms only by offering specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1281; see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008). "At the same time, the ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

In evaluating a claimant's allegations, the ALJ may "consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct," and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Molina, 674 F.3d at 1112 (citations omitted). Further, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Here, I find that the ALJ provided legally sufficient reasons to support his credibility finding. The ALJ noted that the medical

9   - OPINION AND ORDER

evidence did not support the extent of plaintiff's limitations, plaintiff's daily activities and work history did not reflect the level of disability alleged, plaintiff had not sought mental health treatment for her panic attacks, and plaintiff made statements inconsistent with other evidence of record. Tr. 50-51.[2] These findings are supported by the record. As noted, Dr. Jacobson's treatment notes did not reflect restrictions in plaintiff's daily activities, plaintiff reportedly performed some work activity until January 2008, and an examining physician reported findings consistent with the ability to perform sedentary work. Tr. 421, 425, 430, 435, 440, 446, 452, 533-34, 536-37, 547, 554, 561, 568, 574, 580. Further, and perhaps most significantly, plaintiff provided testimony inconsistent with that provided by a lay witness. Plaintiff testified that she did not have a driver's license, had not driven in "well over five years," and was transported by her aunt or friend when necessary. Tr. 76. However, the lay witness testified that plaintiff drove herself to appointments during the same time period. Tr. 83. Further, plaintiff reported to Dr. Northway that she drove herself to that appointment and "drives herself where she needs to go." Tr. 518-19.

Plaintiff essentially disagrees with the ALJ's interpretation of plaintiff's complaints and emphasizes that they are not necessarily inconsistent with the medical evidence. However,

---

[2]The ALJ also noted the lack of medication for plaintiff's alleged impairments and the conservative treatment prescribed. Tr. 50. However, the ALJ did not address plaintiff's complaints of side effects from medication, e.g., tr. 549, or whether other treatments were available. Nonetheless, the court may affirm a credibility finding even where specific reasons are not upheld. Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

10   - OPINION AND ORDER

"[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson, 359 F.3d at 1198. Given that the ALJ's findings are rational and supported by the record, I find no error with respect to the ALJ's credibility determination.

## C. Opinions of Medical Providers

Plaintiff next argues that the ALJ erred by rejecting the statements of Dr. Jacobson, plaintiff's treating physician. In May 2008, Dr. Jacobson wrote:

Leslie Berg is a patient of mine with multiple significant medical issues. The patient has been unable to take a number of medications and we are currently at a very difficult point with this patient. It is emphatically clear that this patient will not be able to work for at least a 12 month (one year) period of time.

Tr. 488. In June 2009, Dr. Jacobson recounted plaintiff's diagnoses and treatments for cervical herniation in 2003, Barrett's esophagus in 2006, ongoing asthma, and carpal tunnel syndrome in 2009. Dr. Jacboson concluded: "Due to the nature of my patient's ongoing health problems, I feel Ms. Berg is unable to work an eight-hour per day job without missing more than two days of work per month." Tr. 594. No medical assessment or findings accompanied Dr. Jacobson's letters.

The ALJ afforded them little weight, finding that Dr. Jacobson "did not submit any objective findings or analysis to support this assessment. Without this information, the undersigned presumes that Dr. Jacobson relied almost entirely on the claimant's subjective reporting." Tr. 51. The ALJ also found that, with the exception of the 2009 carpal tunnel diagnosis, Dr. Jacobson's 2009 letter referenced impairments that existed prior to plaintiff's alleged

11  - OPINION AND ORDER

onset date or those that did not significantly affect plaintiff's ability to work. Tr. 51.

The medical opinion of a claimant's treating physician is entitled to "special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Id.

I find no error in the ALJ's evaluation of Dr. Jacobson's opinion or conclusions. As an initial matter, the determination of whether plaintiff can work or is disabled is a matter reserved solely to the Commissioner, not to a treating physician:

A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one. An impairment is a purely medical condition. A disability is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity.

McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011). Ultimately, "[t]he law reserves the disability determination to the Commissioner." Id.

Further, as noted by the ALJ, Dr. Jacobson cited no medical reports or findings to substantiate his assessment of plaintiff's ability to work. "The ALJ need not accept the opinion of any

12  - OPINION AND ORDER

physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). As Dr. Jacobson provided no assessment of plaintiff's limitations or his ability to work based on medical testing or evaluation, the ALJ found that Dr. Jacobson's opinion was based on plaintiff's subjective complaints of pain, complaints he found not entirely credible. Tr. 51. "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan, 169 F.3d at 602 (quoting Fair, 885 F.2d at 605).

Additionally, Dr. Jacobson's treatment records reflected generally normal daily activities, and his 2009 letter made no mention of fibromyalgia, migraines, or panic attacks - impairments that plaintiff testified were the primary causes of her disability. Tr. 50, 65-66, 70-71, 77.

Although plaintiff disagrees with the ALJ's review of the medical evidence, I must defer to the ALJ's interpretation if it is supported by the record. Batson, 359 F.3d at 1198. Here, the evidence is subject to more than one rational interpretation, and I cannot find that the ALJ erred in his consideration of Dr. Jacobson's opinion.

Plaintiff also argues that the ALJ erred by rejecting manipulative limitations imposed by Dr. Cowan, an examining physician. Dr. Cowan stated that plaintiff could "never" perform "handling, feeling, and fingering." Tr. 537. While accepting the

13  - OPINION AND ORDER

majority of Dr. Cowan's report, the ALJ rejected this restriction, noting that Dr. Cowan performed no testing of plaintiff's gross or fine motor skills and otherwise found plaintiff to have active ranges of motion and normal motor strength. Tr. 52, 535-36. Thus, the ALJ's finding with respect to manipulative findings is supported by the record.

That said, for the reasons explained above, the ALJ must reconsider the duration of plaintiff's carpal tunnel syndrome, and if found severe, determine the nature and extent of any resulting limitations.

CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the Act is not supported by substantial evidence in the record, and outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this ___6___ day of ~~June~~, 2012.

Ann Aiken
United States District Judge

14   - OPINION AND ORDER